CAROLYN C. JONES and ARTHUR B. CHAMBERLIN, complainants-appellants,

*v.*

J. BOYCE SMITH, JR., and MARGARET KILPATRICK SMITH, executors, &c., et al., defendants-respondents.

[Submitted May 28th, 1927.  Decided October 17th, 1927.]

Where a party against whom a decree in the court of chancery has been entered desires to open such decree upon the ground that it was procured by the fraudulent consent of his solicitor, he may proceed by submitting his case to the court on petition, supported by affidavit, and obtain an order permitting a bill of review to be filed upon a showing to the court that a meritorious case for rehearing has been made out *prima facie;* but where, instead of adopting that procedure, he files, without leave, an original bill, such bill will be dismissed.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder.

*Messrs. Pitney, Hardin & Skinner (Mr. William H. Osborne, Jr., and Mr. Carl A. Feick,* of counsel), for the appellants.

*Messrs. Perkins & Drewen,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

The appeal in the present case is from a decree dismissing an original bill filed by the complainants, Jones and Chamberlin, for the reason that it seeks principally to open a decree already entered in a litigation in the court of chancery between the same parties and involving the same subject-matter,

the basis of the dismissal being that an original bill was not the proper procedure under the circumstances.

It appears that the original litigation was instituted by the defendants in the present case against the present complainants to enforce the specific performance of a contract for the purchase by the present complainants, Jones and Chamberlin, of a parcel of land at Woodcliff Lake, in Bergen county. That case went to a final hearing and resulted in a decree in favor of the complainants in that case. It appears from the recital of that decree that the solicitors who then represented the defendants in that case admitted in open court that the complainants therein were entitled to the relief sought and prayed for by them.

The contention of the complainants in the present litigation is that the bill now before us was properly filed as an original bill because it avers that the decree was the result of fraud perpetrated upon the complainants by their solicitors in the original suit by consenting in open court to such decree.

The complainants-appellants say that their bill which was dismissed is an original bill, and we have assumed that it is.

It will thus be seen that the narrow question presented is whether relief from the decree, which is alleged to have been procured by the fraudulent consent of the defendants' solicitors, can be obtained by original bill.

We think that the answer to that question depends upon whether or not the relief sought may be obtained by bill of review.

The complainants' bill was filed without leave of the court. They, of course, say that an original bill may be filed in a proper case without leave of the court, and to that proposition of law we agree. But the rule is otherwise as to bills of review. To file a bill of review leave of the court must be first obtained by petition, supported by affidavit. *Walkinson* v. *Watkinson, 68 N. J. Eq. 632.* And therein lies the reason for denying relief by original bill in cases where such relief may be obtained by bill of review.

The wisdom of that policy we think cannot be doubted.

Its propriety was pointed out by Vice-Chancellor Stevenson, with his usual lucidity, in *Kearns* v. *Kearns, 70 N. J. Eq. 483*. Therein he says: "I am also of the opinion that the bill of review is to be preferred to the original bill, filed as of right without leave, and this last-named bill should be left to that comparatively small class of cases, perhaps not as yet fully defined, in which the remedy by an application in the cause for a rehearing or a new trial and the remedy by a bill of review are inapplicable or inadequate." In that view we concur.

We turn now to the question whether relief from a decree procured by the fraudulent consent of counsel can be obtained by bill of review. Whatever may be the rule in other jurisdictions we think that in this state it can be so obtained. It was so declared in effect by this court, more than twenty years ago, in *Watkinson* v. *Watkinson, supra.* The first head note of that case (which is supported by the opinion) is as follows: "The object of a bill of review is to procure the reversal, alteration or explanation of a decree in a former suit, and must rest on error in law upon the face of the decree, *fraud in procuring the decree,* new or newly-discovered matter which could not have been used before the decree was made."

It will thus be seen that relief against fraud in procuring the decree may be obtained by bill of review, and that comprehends the present case of a decree alleged to have been procured by the fraudulent consent of counsel. It may be possible to conceive (as pointed out by Vice-Chancellor Stevenson in *Kearns* v. *Kearns, supra*) that a case of fraudulent decree might arise in which the remedy by bill of review would be inapplicable or inadequate, but the present is manifestly not such a case.

Not only was procedure by a bill of review open to the complainants, but the vagueness of the charges made in the present bill illustrates the propriety of the rule which requires the party desiring to file a bill of review to submit his case to the court on petition, supported by affidavit, and obtain an order permitting the bill to be filed, which order is to a

large extent within the discretion of the court, and is based upon the finding of the court that a meritorious case for rehearing has been made out *prima facie*. If the complainants could have presented to the court a *prima facie* case of the fraud of their solicitors, to their injury, the way was thus open to them. That they did not see fit to undertake to do, although such procedure would have accomplished justice without unnecessary expense and vexation.

Our conclusion is that where a party against whom a decree in the court of chancery has been entered desires to open such decree upon the ground that it was procured by the fraudulent consent of his solicitor, he may proceed by submitting his case to the court on petition, supported by affidavit, and obtain an order permitting a bill of review to be filed upon showing to the court that a meritorious case for rehearing has been made out *prima facie;* but where, as here, instead of adopting that procedure, he files, without leave, an original bill, such bill is properly dismissed.

The decree under review will be affirmed, with costs.

*For reversal*—None.